```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

| | |
|---|---|
| AVEN COTTON, | : |
|     Petitioner, | : |
| v. | :    CIVIL ACTION 06-0042-CB-M |
| JAMES DeLOACH, | : |
|     Respondent. | : |

<u>REPORT AND RECOMMENDATION</u>

    This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent James DeLoach and against Petitioner Aven Cotton on all claims.

    Petitioner was convicted of five counts of first degree sexual abuse on January 9, 1996, in the Washington County Circuit Court for which received sentences of twenty years, concurrently, on two of the counts and thirty years, concurrently, on three of the counts for a total of fifty years in the State penitentiary (Doc. 1, pp. 1-2; Doc. 12, p. 1).  Appeal was made to the Court of Criminal Appeals of Alabama which affirmed the conviction and

sentence (Doc. 1, p. 3); Cotton did not see *certiorari* in the Alabama Supreme Court (*id.*). Petitioner filed a complaint with this Court on January 25, 2006, raising the claim that the trial court "was without jurisdiction to render judgment or to impose [the] sentence[s]" against him (Doc. 1).

Respondent has argued that this action should be dismissed because this Court's review is barred without a certificate from the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b) as Cotton has previously filed two federal habeas petitions (Doc. 12). Respondent more specifically asserts that Cotton's first petition was dismissed on the grounds that the claims were unexhausted in the State Courts (Doc. 12, p. 2). Respondent states that the second petition was denied as being without merit and procedurally defaulted (*see* Doc. 6, pp. 2-3 & Exhibits A-C). Respondent now asserts that this petition should be dismissed as it is successive (Doc. 12, p. 3). The statute to which Respondent refers states the following: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Court first notes that Petitioner candidly admits in his habeas petition that he has filed a previous habeas petition dealing with these same convictions (Doc. 1, p. 9-10, ¶ 14). Court records indicate that Cotton's first petition in this Court

was dismissed without prejudice as he had failed to exhaust his State court remedies.  *Cotton v. Jones*, Civil Action 96-0683-BH-S (S.D. Ala. January 22, 1997).  Petitioner filed a second petition with this Court which was denied and dismissed on February 5, 2002 by Chief U.S. District Court Charles R. Butler because the claims raised there were procedurally defaulted and/or without merit.  *Cotton v. Jones*, Civil Action 99-0374-CB-L (S.D. Ala. February 5, 2002).

Because Petitioner filed his third habeas petition here, without first obtaining authorization from the Eleventh Circuit Court of Appeals to do so, this Court is without jurisdiction to rule on it.  It is of no moment that Plaintiff states that he is attacking the sentences—and not the convictions *per se*—in this petition (Docs. 15-16).

Therefore, it is recommended that this habeas petition be dismissed as this Court does not have jurisdiction to review it.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de</u> <u>novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en</u> <u>banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which

provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 20th day of April, 2006.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE